## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourt.gov

In re:                                                    Chapter 7

ANTHONY LOUIS DAVIDE,                                     Case No.  22-12061-RAM

      Debtor.

_____/

JOEL TABAS, TRUSTEE; and
AD CAPITAL COLLECTIONS LLC


                                                          Adversary No. 25-_____-RAM

      Plaintiffs,

v.

MARIA CABALLERO-PEREZ.

      Defendants.

_____/


## ADVERSARY COMPLAINT TO AVOID AND RECOVER TRANSFERS

Plaintiff, Joel Tabas, in his capacity as the duly appointed, qualified, and acting chapter 7 bankruptcy trustee ("Trustee Tabas") for the above-referenced substantively consolidated bankruptcy estate (together, the "Debtor") and AD Capital Collections ("AD Capital"), sues Defendant Maria Caballero-Perez ("Defendant").   In support of this Complaint, Trustee Tabas and AD Capital (collectively, the "Plaintiffs")[1] allege as follows:

---

[1] Trustee Tabas and AD Capital sue as co-plaintiffs in this action because the Court has yet to adjudicate the extent and validity of AD Capital's garnishment lien as to the Pensco IRA. To the extent AD Capital's garnishment lien is perfected and attaches to the assets within the Pensco IRA, it is entitled to the assets within the Pensco IRA and has standing to bring the aforementioned claims. Regardless of the extent and validity of AD Capital's garnishment lien, the Pensco IRA and the assets held within it are estate assets and Trustee Tabas has standing to bring the aforementioned claims.

## NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1.      Plaintiffs sue Defendants to avoid and recover transfers pursuant to one or more of sections 544, 548, 549 and/or 550 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*., ("Bankruptcy Code"), chapter 726 of the Florida Statutes ("Fla. Stat."), and Rule 7001 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.").

2.      Plaintiff Trustee Tabas is the duly appointed, qualified, and acting chapter 7 bankruptcy trustee of Debtor's bankruptcy estate.

3.      Plaintiff AD Capital is a Florida limited liability company authorized to conduct business in the state of Florida and a creditor of the Debtor.

4.      Defendant Maria Caballero-Perez is a citizen of Florida.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

6.      This is a core proceeding for which the Court is authorized to determine all matters regarding this case in accordance with 28 U.S.C. § 157(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BANKGROUND

8.      On March 16, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida initiating the bankruptcy case styled *In re Anthony Louis Davide*, Case No. 22-12061-RAM (the "Main Case").

9.      On February 6, 2025, after multiple days of trial, the Court converted the Main Case to a case under chapter 7 of the Bankruptcy Code.

2

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

*Fraudulent Loan Modifications Negotiated by the Debtor and Defendant*

10.    The Debtor holds a self-directed Individual Retirement Account with the Pacific Premier Trust Co., formerly known as Pensco Services LLC (the "Pensco IRA"). The Pensco IRA is not exempt and is an estate asset.[2]

11.    In 2012, one of the Debtor's entities, Arizona Federal LLC, transferred a mortgage with a face value of $150,000 to the Pensco IRA (the "Caballero Mortgage"). Defendant was the borrower of the Caballero Mortgage.

12.     Through a loan modification in September 2016, the face value of the Caballero Mortgage increased from $150,000 to $225,000.

13.    In December 2020, after AD Capital issued a writ of garnishment on the Pensco IRA, the Caballero Mortgage was modified via settlement from $225,000 to $165,000. This modification was caused by a settlement between Defendant, the Debtor, and the Pensco IRA (the "December 2020 Loan Modification").

14.    The December 2020 Loan Modification was created with the intent to hinder, delay, or defraud the Debtor's creditors.

15.    Further, the December 2020 Loan Modification was not for reasonably equivalent value.

16.    In March 2021, the Debtor further modified the Caballero Mortgage to (1) lower the interest to 2.75% from 3% (and 6% before December 2020); (2) make the payments interest only; (3) make the Pensco IRA liable for real estate taxes; (4) extend the maturity by 20 years

---

[2] The Court granted AD Capital stay relief to adjudicate the exemption status of the Pensco IRA. AD Capital secured two state court final judgments finding that the Pensco IRA is nonexempt. The Debtor appealed these final judgments (and related post-judgment orders), and the appeal remains pending before the Third District Court of Appeal.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

and; (5) lower the principal balance from $165,000 to $125,000 (allegedly because of a $20,000 payment from Defendant and a $20,000 credit from the Pensco IRA) (the "March 2021 Loan Modification")".

17.     The March 2021 Loan Modification was created with the intent to hinder, delay, or defraud the Debtor's creditors.

18.     Further, March 2021 Loan Modification was not for reasonably equivalent value.

19.     At the conversion trial, the Debtor admitted that the March 2021 Loan Modification as drafted contains falsehoods. Even though the March 2021 Loan Modification clearly states that Defendant made a $20,000 payment, the Debtor instead testified that this payment was really a credit for interest paid on the previous balance, and that Defendant asked for these funds back after the settlement connected to the December 2020 Loan Modification.

20.     At her deposition, Defendant testified inconsistently on this point, stating both that she did and that she did not make this $20,000 payment. Further, she could not recall how she made the payment, but it might have been a credit on tax payments—even though the prior modifications did not make the Pensco IRA responsible for taxes.

21.     The Debtor was insolvent at all relevant times, through and including the Petition Date.

*Unauthorized Fraudulent Discounts at Payoff*

22.     Defendant sold the property that collateralized the Caballero Mortgage in July 2023 and paid off the Caballero Mortgage at that time.

23.     At the time of payoff, the Debtor provided significant additional discounts, making it so that the Pensco IRA received $62,812.50 as payoff on a mortgage that had a face value of $125,000 (the "Payoff Discounts").

4

24.    The Debtor did not seek authorization from the Bankruptcy Court before authorizing this payoff or the Payoff Discounts.[3]

25.    At the same time of the Payoff Discounts and in connection with the same property sale, an alleged unrecorded mortgage held by Tempe Capital Advisors, Inc. (an entity owned by the Debtor's wife and the Debtor's main source of disclosed income), received a payoff of $166,107.97 when this unrecorded mortgage had a face value of $142,500.

26.    The Payoff Discounts were intended to delay, hinder, or defraud the Debtor's creditors.

27.    Further, the Payoff Discounts were not provided for reasonably equivalent value.

### COUNT I –AVOIDANCE OF THE MARCH 2021 LOAN MODIFICATION PURSUANT TO BANKRUPTCY CODE § 548(a)(1)(B)

28.    Plaintiffs realleges the allegations set forth in paragraphs 1 through 27.

29.    The Debtor caused the March 2021 Loan Modification within the two (2) year period prior to the Petition Date.

30.    The March 2021 Loan Modification was a voluntary or involuntary transfer of an interest of Debtor in property.

31.    The Debtor received less than reasonably equivalent value in exchange for the March 2021 Loan Modification, and;

    a.  Debtor was insolvent on the dates that the March 2021 Loan Modification was made, or was rendered insolvent as a result of that transfer;

    b.  Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or

    c.  Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

---

[3] The Debtor also failed to alert the Pensco IRA that the Caballero Mortgage was paid off.

5

**WHEREFORE**, Plaintiffs respectfully requests the Court enter a judgment (i) declaring the March 2021 Loan Modification to be fraudulent transfers pursuant to Bankruptcy Code § 548(a)(1)(B), (ii) avoiding the March 2021 Loan Modification as a fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(B), and (iii) granting such further relief as is equitable and just.

## COUNT II –AVOIDANCE OF THE PAYOFF DISCOUNTS PURSUANT TO BANKRUPTCY CODE § 549(a)(2)(B)

32.     Plaintiffs realleges the allegations set forth in paragraphs 1 through 27.

33.     The Debtor caused the Payoff Discounts within the last two (2) years.

34.     The Payoff Discounts were all voluntary or involuntary transfers of an interest of Debtor in property.

35.     The Payoff Discounts were not authorized by the Bankruptcy Court.

**WHEREFORE**, Plaintiffs respectfully requests the Court enter a judgment (i) declaring the Payoff Discounts to be fraudulent transfers pursuant to Bankruptcy Code § 549(a)(2)(B), (ii) avoiding the Payoff Discounts as a fraudulent transfer pursuant to Bankruptcy Code § 549(a)(2)(B), and (iii) granting such further relief as is equitable and just.

## COUNT III – AVOIDANCE OF TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(b)(1)

36.     Plaintiffs realleges the allegations set forth in paragraphs 1 through 27.

37.     Debtor made the December 2020 Loan Modification, the March 2021 Loan Modification, and the Payoff Discounts (collectively, the "Transfers") with the intent to hinder, delay, or defraud his creditors, as shown by the following badges of fraud:

    a.  Before the Transfers were made, the Debtor had been sued;

    b.  The Discount Payoffs were concealed;

    c.  The Debtor received less than reasonably equivalent value in exchange for the Transfers; and

6

d.   The Debtor was insolvent at the time the Transfers were made.

38.   Debtor had at least one actual creditor as of the time of each of the Transfers holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Transfers were avoidable under applicable law, including Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a).

39.   The Transfers are avoidable under Bankruptcy Code § 544 and Fla. Stat. § 726.105(1)(a) and 726.108(1)(a).

**WHEREFORE**, Plaintiffs respectfully requests the Court enter a judgment (i) declaring the Transfers to be fraudulent transfers pursuant to Fla. Stat. § 726.105(1)(a); (ii) avoiding the Transfers as fraudulent transfers pursuant to Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a) and granting such further relief as is equitable and just.

## COUNT IV – AVOIDANCE OF TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(b)(1)

40.   Plaintiffs reallege the allegations set forth in paragraphs 1 through 27.

41.   Debtor made the Transfers within the four years prior to the Petition Date.

42.   Debtor received less than reasonably equivalent value in exchange for the Transfers; and

a.   Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to its business or transaction; or

b.   Debtor intended to incur, or believed it would incur, debts that would be beyond Debtor's ability to pay as they became due.

43.   Debtor had at least one actual creditor as of the time of each of the Transfers holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Transfers were avoidable under applicable law, including Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a).

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
**MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200**

44.    The Transfers are avoidable under Bankruptcy Code § 544 and Fla. Stat. § 726.105(1)(b) and 726.108(1)(a).

**WHEREFORE**, Plaintiffs respectfully request the Court enter a judgment (i) declaring the Transfers to be fraudulent transfers pursuant to Fla. Stat. § 726.105(1)(b); (ii) avoiding the Transfers as fraudulent transfers pursuant to Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a) and granting such further relief as is equitable and just.

## COUNT V – AVOIDANCE OF THE TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(b)(1)

45.    Plaintiffs reallege the allegations set forth in paragraphs 1 through 27.

46.    Debtor made the Transfers without receiving reasonably equivalent value in exchange for the Transfers.

47.    Debtor was insolvent at the times of the Transfers or became insolvent as a result of the Transfers.

48.    Debtor had at least one actual creditor as of the time of the Transfers holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Transfers were avoidable under applicable law, including Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

49.    The Transfers are avoidable under Bankruptcy Code § 544 and Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

**WHEREFORE**, Plaintiffs respectfully requests the Court enter a judgment (i) declaring the Transfers to be fraudulent transfers pursuant to Fla. Stat. § 726.106(1), avoiding the Transfers as fraudulent transfers pursuant to Bankruptcy Fla. Stat. § 726.106(1) and 726.108(1)(a), and granting such further relief as is be equitable and just.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

## COUNT VI - RECOVERY OF TRANSFERS
## PURSUANT TO BANKRUPTCY CODE § 550

50.    Plaintiffs reallege the allegations set forth in paragraphs 1 through 27.

51.    Some or all the Transfers are avoidable pursuant to one or more of Bankruptcy Code §§ 544, 548, and/or 549 and Fla. Stat. §§ 726.105(1)(a), 726.105(1)(b), and/or 726.106(1) and § 726.108(1)(a).

52.    Defendant was either an initial transferee or individual for whose benefit the Transfers were made under Bankruptcy Code § 550(a)(1).

53.    The Transfers, or the value of the Transfers, are recoverable from Defendant by Plaintiffs pursuant to Bankruptcy Code § 550.

**WHEREFORE**, Plaintiffs respectfully requests the Court enter a judgment declaring Defendant to be either an initial transferee of the Transfers or the entity for whose benefit those transfers were made under Bankruptcy Code § 550(a)(1), directing Defendant to turn over to Trustee Tabas, for the benefit of Debtor's bankruptcy estate, the Transfers avoided or the value of the Transfers avoided for the benefit of Debtor's bankruptcy estate, and granting such further relief as is equitable and just.

Respectfully submitted,

By: */s/ Drew M. Dillworth, Esq.*
DREW M. DILLWORTH, ESQ.
Florida Bar Number 167835
ddillworth@stearnsweaver.com
STEARNS WEAVER MILLER ET AL.
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200
Facsimile:    (305) 789-3395

*Counsel for Trustee Tabas*

9

By: */s/ Gregory Grossman*

Gregory S. Grossman
Florida Bar No.: 896667
Jennifer Mosquera
Fla. Bar No.: 1018656
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida
Telephone (305) 372-8282
Facsimile (305) 372-8202
E-Mail:ggrossman@sequorlaw.com
jmosquera@sequorlaw.com

*Counsel to AD Capital Collections, LLC*

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

#13548818 v1