UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Chapter 7

Case No. 22-12061-RAM

ANTHONY LOUIS DAVIDE,

     Debtor.

_____/

JOEL TABAS, Trustee, and

AD CAPITAL COLLECTIONS LLC,

     Plaintiffs,

v.

Adv. No. 25-01081-RAM

MARIA CABALLERO-PEREZ,

     Defendant.

_____/

## DEFENDANT MARIA CABALLERO-PEREZ'S
## MOTION TO DISMISS ADVERSARY COMPLAINT AND
## INCORPORATED MEMORANDUM OF LAW (ONE DOCUMENT)

Defendant, Maria Caballero-Perez ("Caballero"), appearing pro se, moves

under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b) (made

applicable by Fed. R. Bankr. P. 7012 and 7009) to dismiss the Adversary

Complaint (ECF No. 1) and states:

### Introduction

1.  Plaintiffs are attempting to claw back the March 2021 loan modification and

    the resulting July 2023 loan payoff of a mortgage that Caballero owed to the

Debtor's self-directed Pensco IRA.  Their fraud theories mischaracterize an ordinary business compromise that delivered immediate, concrete value to the estate and avoided years of potential litigation risk.  The Complaint does not satisfy Rules 8, 9(b), or 12 and must be dismissed.

Background

2.  In 2012 Caballero, a non-insider borrower, had a then outstanding $150,000 note and mortgage in favor of the Debtor's Pensco IRA.  (Compl. ¶¶ 10–13.)

3.  After AD Capital served writs of garnishment on the IRA, the Debtor along with Pensco in December 2020 reduced the then outstanding loan balance to $165,000 and modified the repayment terms. In March 2021 the loan was modified again by the Debtor along with Pensco which further reduced the loan balance to $125,000 and modified the repayment terms. (Compl. ¶¶ 13–18.)

4.  Caballero listed and ultimately sold the collateral property in July 2023. The sale generated about $50,000 cash to the seller; the buyer financed the rest of the acquisition with a $500,000 purchase-money mortgage. Caballero would not—and could not—have closed unless the IRA agreed to discount the remaining balance.  (See id. ¶¶ 22-25.)

5.  Both the Debtor and the IRA accepted $62,812.50 in full satisfaction, thereby (i) receiving cash immediately, (ii) eliminating future interest-rate risk, foreclosure expense, and market uncertainty, and (iii) freeing estate resources for creditors.

6. Plaintiffs nevertheless sues under 11 U.S.C. §§ 548, 549, 544 and Fla. Stat. ch. 726, claiming the discount was a fraudulent transfer.

## Legal Standard

7. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Fraud must also satisfy the particularity requirements of Rule 9(b).

8. Rule 12(b)(1) requires dismissal where a plaintiff lacks Article III standing. See Stalley v. Orlando Reg'l Healthcare Sys., 524 F.3d 1229, 1232 (11th Cir. 2008).

## Argument

I. **The March 2021 modification was not a "transfer of an interest of the debtor in property" (11 U.S.C. § 548) because it conveyed nothing and merely adjusted contract terms.**

9. A contract amendment that leaves no asset the estate could have otherwise liquidated is not a transfer. See In re TOUSA, Inc., 680 F.3d 1298, 1311 (11th Cir. 2012). The IRA simply changed the loan's economics; no real or personal property changed hands. Count I fails as a matter of law.

II. **Even if the modification constituted a "transfer," the Complaint fails to plead lack of reasonably equivalent value.**

10. Reasonably equivalent value is measured at the time of the transfer. In re Chase & Sanborn Corp., 904 F.2d 588, 593 (11th Cir. 1990). Here:

   a. The IRA received $62,812.50 in cash up front instead of waiting years for amortized payments or risking a costly foreclosure.

b.  The discount induced Caballero to close, generating an immediate
return and eliminating carrying costs and taking the benefit of the net
present value of money versus any potential future revenue —not
"diminishing" the estate but preserving its value.

c.  The Complaint pleads no market analysis, appraised value, or balance-
sheet data to show the discount was unreasonable; conclusory "badges
of fraud" do not meet Rule 9(b).

d. The IRA and Caballero both exchanged reasonable equivalent value at the
time of the loan modifications and loan payoff. These values included the
releasing of potential usury claims against the IRA, the overcharging of
loan fees on prior loan renewals by the IRA and properly reapplying prior
loan payments that were not applied properly to the loan and adjusting the
loan balance to reflect current market conditions. All of which are
considered reasonably equivalent value.

### III. Counts II and III (post-petition transfer and recovery under § 549) fail because the Complaint does not allege that estate property was paid to Caballero.

11.    Caballero paid money; she did not receive it.  The "transferee" is the IRA or
its custodian.  See Bonded Fin. Servs., Inc. v. European Am. Bank, 838 F.2d
890, 893 (7th Cir. 1988).  Section 549 is therefore inapplicable.

### IV. Counts IV and V (state-law constructive fraud) are time-barred and lack well-pled insolvency allegations.

12. The four-year limitations period in Fla. Stat. § 726.110 expired before the suit was filed. The Complaint also provides no financials showing the Debtor was insolvent or rendered insolvent.

**V.  AD Capital still lacks standing.**

13. Until the garnishment lien on the IRA is adjudicated, AD Capital lacks a concrete interest and cannot establish Article III injury.  Those counts must be dismissed under Rule 12(b)(1).

Conclusion

14. Because the Complaint pleads no cognizable transfer of estate property, fails to show inadequate consideration, is time-barred, and names a party without standing, all counts should be dismissed with prejudice.

**WHEREFORE**, Caballero respectfully requests that the Court (a) dismiss the Adversary Complaint in its entirety and (b) grant such other relief as is just.

Respectfully submitted,

*July. 8. 2125*

Maria Caballero-Perez, pro se
9711 SW 6th Street
Miami, FL 33174
Tel: (305) 216-2326
Email: Caperinc@aol.com